**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-4051-5/13-CR-C-BCW |
| | ) | |
| WENDELL EUGENE WOODSON, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is defendant Wendell Eugene Woodson's Motion to Dismiss Charges Pending Against Defendant in the Third Superseding Indictment Due to Violation of Defendant's rights under 18 U.S.C. § 3161, and the Fifth and Sixth Amendments to the United States Constitution. (Doc. 391).[1] The Government has filed suggestions in opposition. (Doc. 394).

## Discussion

**Speedy Trial Act**

The Speedy Trial Act, 18 U.S.C. § 3161, provides for time limits and exclusions for any case involving a defendant charged with a federal criminal offense. If the time limits set forth in 18 U.S.C. § 3161 are exceeded, a defendant's speedy trial rights are violated. Pursuant to 18 U.S.C. § 3161, the time limitation for commencement of trial is 70 days. However, this time limit has numerous exclusions, which if applicable, toll the speedy trial clock of the defendant and are not counted toward the 70-day time limitation. In this case, Defendant does not allege that the 70-day speedy trial clock necessarily expired, but argues the exclusions applicable to his case violated his rights. Defendant argues that the numerous continuances requested by his co-defendants and granted by the Court, as well as the three superseding indictments entered in the case wrongfully denied him his speedy trial rights.

Title 18 U.S.C. § 3161(h) provides for the specific delays of which are excluded from computing the time within which the trial must commence. Included in the list of exclusions is

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

the exclusion of "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  18 U.S.C. § 3161(h)(6).  Also included in the list of exclusions is "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that ends of justice served by taking such action outweigh the best interest of the public and defendant in a speedy trial."  18 U.S.C. § 3161(h)(7).  However, the statute specifically provides that "no continuance shall be granted because of general congestion of the court's calendar…."  Id.

Upon review of the record and facts of the case, the Court finds there has been no violation of Defendant's speedy trial rights.  The Court's docket sheet clearly shows Defendant's 70-day speedy trial clock has not expired and that the trial in the case has been continued at the request of defendants.  The time line set forth in the Government's suggestions in opposition (doc. 394) correctly reflects that of the Court's docket sheet, and shows that Defendant's case was never continued due to general congestion of the Court's calendar, or at request of the Government, but rather, was continued at the request of co-defendants in the case, and three times at the request of the Defendant.

In granting the continuance requests of co-defendants, the Court properly determined the ends of justice were best served by granting the continuances and that the need for such continuances outweighed the interest of the defendants and the public to a speedy trial.  The continuances granted by the Court at the request/motion of Defendant's co-defendants did not violate Defendant's right to a speedy trial.  United States v. Shepard, 462 F.3d 847, 864 (8th Cir. 2006) (citing United States v. Fuller, 942 F.2d 454, 457 (8th Cir. 1991) ("Motions filed by one defendant in a multi-defendant case count as motions filed by all the defendants, and . . . will count as excludable time for all defendants.")).  Where multiple defendants are joined in a case, and there has been no severance, exclusions of time attributable to one defendant apply to all of his or her co-defendants.  United States v. Arrellano-Garcia, 471 F.3d 897, 900 (8th Cir. 2006).

Additionally, the Court notes that at no time did Defendant object to the motions for continuance filed by his co-defendants prior to March 21, 2016.  Plaintiff's assertion that he filed a motion for severance, and therefore, objected to the continuances in the case is not supported by the facts in the case.  The first time Defendant filed objections to a continuance was on the

same date he filed a motion to sever, which were both filed on March 3, 2016, in response to a co-defendant's March 3, 2016 motion to continue the trial to August 15, 2016. Moreover, this one time that Defendant objected to a co-defendant's request for a continuance and requested that his case be severed, he withdrew such opposition within 5 days of such filings. At the March 8, 2016 hearing, Defendant specifically advised he was withdrawing his opposition to his co-defendant's request to continue the trial from the March 21, 2016 trial setting to the August 15, 2016 trial setting. Defendant withdrew his opposition to the continuance request of his co-defendant even though the Court had just advised him it would be denying his motion to sever. (Doc. 310). Based on this withdrawal the Court granted the motion to continue the case to the August 15, 2016 criminal jury trial docket. Subsequently, the continuance of the trial in this case has been based on the Court's granting motions to continue filed by the Defendant himself. On July 26, 2016, Defendant filed a request to continue the trial to the September 19, 2016 criminal jury trial docket. Defendant also filed a waiver of his speedy trial rights on August 1, 2016, in support of his motion to continue the trial. On August 29, 2016, Defendant made an oral motion to continue his trial (docs. 388, 389) seeking a continuance to the October 24, 2016 criminal jury trial docket and further seeking leave to file out of time the instant motion to dismiss (doc. 391) and additionally a motion to suppress evidence (doc. 390). This oral motion for continuance was granted on August 29, 2016, and this case was reset for trial on the October 24, 2016 criminal jury trial docket.

Defendant's argument that the three superseding indictments violated his speedy trial in this case is without merit for two reasons. First, the law is clear that when a superseding indictment widens the scope of the criminal investigations or a new defendant is joined, the speedy trial clock is reset. See United States v. Porchay, 651 F.3d 930, 937 (8th Cir. 2011) ("When a newly indicted defendant is joined with a defendant whose speedy trial clock has already started running, the latter defendant's speedy trial clock will be rest to that of the new defendant."); United States v. Harris, 566 F.3d 422, 428-29 (5th Cir. 2009) (superseding indictment which widens the scope of the criminal investigations so as to try other coconspirators in the case can rest the speedy trial clock). Second, and most relevant, no continuances of the trial in this case have been the result of the Government or the Court making a continuance request based on a superseding indictment. Each continuance granted in this case, was granted at

the request/motion of a defendant in the case, and not at the request of the Government or the Court.

**Sixth Amendment**

Defendant asserts that his Sixth Amendment rights have been violated by the delay between the time he was indicted and the time he will be going to trial. While a delay approaching one year is said to be presumptively prejudicial, the Court is to consider the four factors set forth in Barker v. Wingo, 407 U.S. 514, 530 (1972), to determine if a defendant's Sixth Amendment rights were violated by the delay between indictment and trial. United States v. Jeanetta, 533 F.3d 651, 656 (8th Cir. 2008). The four Barker factors are 1) the length of the delay; 2) the reasons for delay; 3) whether the defendant asserted the right to a speedy trial; and 4) whether the defendant suffered any prejudice. Id.

In this case, factor 1 is a delay of more than two years between indictment and trial. Factor 2, the reason for the delays in this case, is the defendants in the case have requested/filed motions to continue the trial, as set forth above in the discussion of Defendant's speedy trial rights. The delays in this case have not been caused by the Government or the Court. As to factor 3, Defendant has never asserted his speedy trial rights at any point in the proceedings of this case prior to filing this motion to dismiss. The Court notes, as discussed above, that Defendant has only once filed an objection to a motion to continue filed by his co-defendants of which he withdrew within days of its filing. As to the fourth factor, Defendant's only assertion of prejudice is that he was detained for approximately 26 months during the proceedings of this case. Defendant was properly detained pursuant to 18 U.S.C. § 3142. Defendant received a detention hearing and specific findings were made by the Court consistent with requirements set forth in 18 U.S.C. § 3142. (Docs. 36, 39). The Court notes that Defendant was released on bond in March of 2016. (Docs. 310, 312).

While the more than two year delay in this case is presumptively prejudicial, it is "unusual for the Sixth Amendment to be violated when the Speedy Trial has not." Id. In balancing the four Barker factors, no one factor is either necessary or sufficient condition to the finding of the deprivation of the right to a speedy trial. Barker, 407 U.S. at 533. Rather, these factors are to be considered together with such other circumstances as may be relevant. Id. The Court finds the Barker factors and facts and circumstances of this case do not support that Defendant's trial has been improperly delayed in violation of his Sixth Amendment rights.

4

**Fifth Amendment**

Defendant's general assertion that his Fifth Amendment due process rights have been violated is unsupported by his motion. A grand jury issued an indictment charging Defendant in this case, and as set forth above, there has been no violation of Defendant's rights under the Speedy Trial Act or the Sixth Amendment. The Court finds no merit to Defendant's assertion that his due process rights under the Fifth Amendment have been violated requiring dismissal of the charges against him.

<u>Conclusion</u>

Based on the foregoing, the Court finds Defendant's rights under 18 U.S.C. § 3161, and the Fifth and Sixth Amendments to the United States Constitution have not been violated by the continuances of the trial in this case. The Court notes this case is set for trial on October 24, 2016, and the parties have been advised that no further continuances will be granted.

IT IS, THEREFORE, RECOMMENDED that defendant Wendell Eugene Woodson's Motion to Dismiss Charges Pending Against Defendant in the Third Superseding Indictment be denied. (Doc. 391).

Counsel are advised that due to the Court's willingness to accept this motion extremely out of time, the age of the case, and the short time period before the case is set for trial, the defendant will have up to and including October 12, 2016, in which to file and serve objections to this Report and Recommendation. The Government will then be afforded up to and including October 17, 2016, in which to file and serve a response to the defendant's objections. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 7th day of October, 2016, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge

5